**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-3181 & 24-3192
_____

UNITED STATES OF AMERICA

v.

RODNEY BLAKE,
                        Appellant in No. 24-3181

UNITED STATES OF AMERICA

v.

ROBERT MORRISEY, JR.,
                        Appellant in No. 24-3192
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 2:22-cr-00284-003 & 2:22-cr-00284-004)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 14, 2026

Before: SHWARTZ, MASCOTT and McKEE, *Circuit Judges*

(Opinion filed: July 27, 2026)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Rodney Blake and Robert Morrisey, Jr. were convicted on several counts of possessing fraudulent checks under 18 U.S.C. § 513(a).[1] They raise three issues on appeal: the District Court plainly erred in (1) denying judgment of acquittal on their counts of conviction under § 513(a), (2) applying a two-level enhancement to their sentences pursuant to U.S.S.G. § 2B1.1(b)(11)(B)(i), and (3) failing to address several arguments for a downward variance to their sentences. While the government opposes Defendants' request that we vacate their convictions and remand for entry of judgment of acquittal, it joins in requesting a remand for resentencing. For the reasons set forth below, we will affirm their convictions, vacate their sentences, and remand for resentencing.[2]

I.

Defendants were indicted on multiple counts of making, uttering, or possessing counterfeit or forged securities of an organization under 18 U.S.C. § 513(a). The securities in question were counterfeit checks. The indictment alleged that Blake possessed a counterfeit check of Ramp Construction (identified as Construction Company 1) on June 14, 2021 and a counterfeit check of West Deer Volunteer Fire Department (identified as Volunteer Fire Department 1) on June 17, 2021. It also alleged that Morrisey possessed three counterfeit checks of Town and Country Motors (identified as Auto Dealer 1), one on March 1, 2022 and two on March 2, 2022.

---

[1] They were also convicted of conspiracy to commit bank fraud under 18 U.S.C. §§ 1344 and 1349.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

To convict Defendants under § 513(a), the prosecution had to prove that the checks were "of an organization,"[3] meaning "a legal entity, other than a government, . . . which operates in or the activities of which affect interstate or foreign commerce."[4] Before trial, the parties signed and submitted a set of proposed stipulations, which included an agreement that Ramp Construction, West Deer Volunteer Fire Department, and Town and Country Motors "were legal entities that operated in, or the activities of which affected, interstate or foreign commerce" between March 2019 and April 2022.[5] Thus, the proposed stipulation established that the counterfeit checks Blake and Morrisey possessed were "of an organization" as required by § 513(a).

At Defendants' trial, the judge misread the stipulation to the jury, mistakenly stating that Ramp Construction, West Deer Volunteer Fire Department, and Town and Country Motors "were legal entities that operated in or the activities of which affected interstate or foreign commerce" between March 2019 and *April 2020*, rather than April 2022.[6] However, Defendants did not possess any of the five checks until after April 2020.

On appeal, Defendants argue that the District Court plainly erred in denying judgment of acquittal on the § 513(a) counts because the government did not prove the "of an organization" element. They argue that because the jury received evidence, per the misread stipulation, that the three entities were operating in or affecting interstate or foreign commerce between March 2019 and April 2020, no reasonable juror could find

---

[3] 18 U.S.C. § 513(a).
[4] 18 U.S.C. § 513(c)(4).
[5] App. 34.
[6] App. 207-08.

that those entities met the statutory definition of an "organization" at the time Defendants possessed the counterfeit checks.

Given this specific argument was not raised before the District Court, we review Defendants' sufficiency-of-the-evidence claim for plain error.[7] The plain error standard "requires a showing that (1) there was an 'error'; (2) the error was 'plain'; (3) the error prejudiced or 'affect[ed] substantial rights'; and (4) not correcting the error would 'seriously affect[] the fairness, integrity or public reputation of judicial proceedings.'"[8] The fourth prong captures the remedial discretion afforded appellate courts when conducting plain error review. As such, "a plain error affecting substantial rights does not, without more," seriously affect the fairness, integrity or public reputation of judicial proceedings.[9] For a sufficiency-of-the-evidence claim, the fourth prong is met only where affirmance would produce a "manifest miscarriage of justice—the record must be devoid of evidence of guilt or the evidence must be so tenuous that a conviction is shocking."[10] In other words, the defendant must "establish that the trial judge and prosecutor were derelict in even permitting the jury to deliberate."[11]

This is a demanding threshold that Defendants cannot clear. The stipulation, as read, informed the jury that Ramp Construction, West Deer Volunteer Fire Department,

---

[7] The parties agree that plain error review applies. *See United States v. Abrams*, 165 F.4th 784, 801 (3d Cir. 2026) (reviewing unpreserved sufficiency arguments for plain error).
[8] *Id.* (alterations in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).
[9] *Olano*, 507 U.S. at 736, 737.
[10] *United States v. Burnett*, 773 F.3d 122, 135 (3d Cir. 2014) (quoting *United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004)).
[11] *Id.*

and Town and Country Motors were legal entities that operated in or the activities of which affected interstate or foreign commerce between March 2019 and April 2020. Defendants argue that because the five checks were alleged to have been possessed at various dates in 2021 and 2022, all after April 2020, the government failed to prove the checks were of an organization at the time Defendants possessed them. However, there was no reason for the jury to conclude that Ramp Construction, West Deer Volunteer Fire Department, and Town and Country Motors lost their status as legal entities operating in or affecting interstate or foreign commerce after April 2020—in fact, it would have been counterintuitive to do so. On direct examination, representatives from these entities did not indicate any shift in status after April 2020. A juror's role includes drawing "reasonable inferences from the evidence presented at trial."[12] Here, an inference that Ramp Construction, West Deer Volunteer Fire Department, and Town and Country Motors retained their status as legal entities operating in or affecting interstate or foreign commerce in 2021 and 2022 was reasonable given the stipulation as read to the jury and the lack of any indication that the entities' operations changed. Affirmance will not produce a manifest miscarriage of justice because the evidence is not so tenuous on this element that a conviction is shocking.

There is further reason to conclude that affirmance will not produce a manifest miscarriage of justice and thereby seriously affect the fairness, integrity or public reputation of judicial proceedings. Defendants signed a stipulation, which they filed in

---

[12] *United States v. Jacobs*, 21 F.4th 106, 112 (3d Cir. 2021).

5

the District Court, that established the very element they now claim the government failed to prove.[13] At trial, defense counsel confirmed there was "[n]o objection" to the judge reading the agreed-upon stipulation to the jury.[14] Given Defendants' decision to stipulate to this element of the offense, no miscarriage of justice will result here if we affirm. Accordingly, the sufficiency-of-the-evidence argument fails plain error review.

## II.

Defendants assert that the District Court plainly erred in applying a two-level enhancement to their sentences because 18 U.S.C. § 1029(e) explicitly excludes transfers originated solely by paper instrument, a category that includes the passing of counterfeit checks. The government concedes this issue in its brief, and we agree.[15] U.S.S.G. § 2B1.1(b)(11)(B)(i) instructs district courts to apply a two-level enhancement when the offense involved "the production or trafficking of any . . . unauthorized access device or counterfeit access device."[16] The term "access device" is defined by cross-reference to 18 U.S.C. § 1029(e)(1), which specifically excludes "transfer[s] originated solely by paper

---

[13] Although the court-filed stipulation is outside the trial record, "an appellate court conducting plain-error review may consider the *entire* record—not just the record from the *particular proceeding* where the error occurred." *Greer v. United States*, 593 U.S. 503, 511 (2021); *see also United States v. Perrin*, 149 F.4th 267, 282 (3d Cir. 2025).

[14] App. 207.

[15] *See United States v. Butler*, 646 F.3d 1038, 1041 (8th Cir. 2011) (holding that "U.S.S.G. § 2B1.1(b)(10) cannot be applied to offenses that involve a transfer originated solely by paper instrument, *i.e.*, a scheme limited to fraudulent check-cashing"); *United States v. Tatum*, 518 F.3d 769, 772 (10th Cir. 2008) (holding that "counterfeit checks and the account numbers printed on those checks fall outside the statutory definition of an access device"); *United States v. Hughey*, 147 F.3d 423, 434 (5th Cir. 1998) (holding that 18 U.S.C. § 1029(e)(1) "unambiguously places the passing of bad checks and similar conduct outside the scope of the federal statute").

[16] U.S.S.G. § 2B1.1(b)(11)(B)(i).

instrument" from its ambit.[17] Accordingly, we will vacate Defendants' sentences and remand for resentencing.

III.

We agree with the government that we need not consider whether the District Court plainly erred in failing to address arguments for a downward variance because the District Court will have a renewed opportunity to consider Defendants' requests for a variance during resentencing.[18]

IV.

For the above reasons, we will affirm Blake's and Morrisey's convictions, vacate their sentences, and remand for resentencing.

---

[17] *See* U.S.S.G. § 2B1.1 cmt. n.10(A) (stating that "unauthorized access device" "has the meaning given that term in 18 U.S.C. § 1029(e)(3)," and "counterfeit access device" "has the meaning given that term in 18 U.S.C. § 1029(e)(2)"); 18 U.S.C. § 1029(e)(1) (defining "access device" under § 1029(e) to exclude "transfer[s] originated solely by paper instrument"). The Sentencing Commission's interpretation of "access device," defined by cross-reference to 18 U.S.C. § 1029(e)(1) to exclude paper instruments, is reasonable in light of the text, structure, and history of the regulation and the statute to which this specific guideline relates. *See United States v. Nasir*, 17 F.4th 459, 471 (3d Cir. 2021) (en banc) (reasoning that we may defer to an agency's interpretation of an ambiguous regulation if it is reasonable and informed by text, structure, and history). "Access device" is a term of art derived from the Counterfeit Access Device and Computer Fraud and Abuse Act of 1984. *See* Pub. L. 98-473; 98 Stat. 1837. Thus, it stands to reason that the term "access device" in U.S.S.G. § 2B1.1(b)(11)(B)(i) is defined by cross-reference to the definition in that Act.

[18] The government requests a limited remand for resentencing without the access-device enhancement, while Defendants argue we should remand for full resentencing. We will remand for full resentencing because the Guidelines range was incorrectly calculated. *See, e.g.*, *United States v. Henderson*, 64 F.4th 111, 121 (3d Cir. 2023); *United States v. Aguirre-Miron*, 988 F.3d 683, 690 (3d Cir. 2021); *United States v. Capps*, 977 F.3d 250, 260-61 (3d Cir. 2020).